# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CLEMENTINA ROEDER and**
**RONALD P. ROEDER, JR.,**

     **Plaintiffs,**

                                    **No.  6:20-cv-01051-JWB-KGG**

**v.**

**AMERICAN MEDICAL SYSTEMS,**
**INC.,**

     **Defendant.**

---

### DEFENDANT AMERICAN MEDICAL SYSTEMS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT OUT OF TIME

---

Adam T. Suroff
KS Bar Number 19595
**Polsinelli PC**
900 W. 48th Place, Suite 900
Kansas City, MO 64112-1895
816-753-1000
Fax: 816-753-1536
asuroff@polsinelli.com

Shana E. Russo
*Pro Hac Vice*
**REEDSMITH LLP**
506 Carnegie Center
Princeton, MJ 08540
Telephone: (609) 987-0050
Fax: (609) 951-0824
srusso@reedsmith.com

*Attorneys for Defendant American Medical Systems, Inc.*

# TABLE OF CONTENTS

**Page**

I.     Nature of Matter Before The Court ................................................................ 1

II.    Concise Statement of Facts ........................................................................... 1

III.   Question Presented ........................................................................................ 2

IV.   Argument ....................................................................................................... 2

V.    Conclusion ..................................................................................................... 5

76323406.2

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                              **Page(s)**

*Cleveland Air Serv., Inc. v. Pratt*,

2016 WL 7634674 (N.D. Miss. Sep. 30 2014)....................................................... 3

*Kelly v. Ethicon, Inc., No. 20-CV-2036-CJW-MAR*,

2020 U.S. Dist. LEXIS 191665 (N.D. Iowa Oct. 16, 2020) ................................. 3

*Leathers v. Leathers*,

No. 08-1213, 2013 U.S. Dist. LEXIS 122090, 112 A.F.T.R.2d (RIA) 2013-5986 (D. Kan.
Aug. 27, 2013) ...................................................................................................... 2

*Perez v. Superior Ct. of Guam, Cv No 0800007 DAE*,

2011 WL 13209114 (D. Guam July 19, 2011) .................................................... 3

*St. Clair v. City of Iola, Case No. 92-4024-SAC*,

1994 U.S. Dist. LEXIS 4625 (D. Kan. Mar. 2, 1994) ........................................ 2

## I.     Nature of Matter Before The Court

Pursuant to Local Rule 15.1, Defendant American Medical Systems, Inc. ("AMS"), by and through counsel, respectfully requests leave to file the attached Motion for Summary Judgment (*see* Exhibit A).

## II.     Concise Statement of Facts

Plaintiffs filed this case on September 2, 2015, in the United States District Court for the Southern District of West Virginia.  This case was one of thousands of cases pending in  *In re: American Medical Systems, Inc., Pelvic Repair Systems Products Liability Litigation*, MDL No. 2325 ("MDL") for coordinated and consolidated pretrial proceedings before Judge Joseph R. Goodwin. On January 30, 2018, Judge Goodwin entered an order setting this case with nine hundred and fifty one (951) other cases for case discovery.

The MDL Court ordered AMS to complete fact and expert discovery in those cases by October 4, 2018. (*See* PTO 249 and 255 attached hereto as Exhibit B and Exhibit C, respectively). After the completion of discovery, AMS had a mere fourteen days to file dispositive motions.  (*See* Exhibit C setting deadline to dispositive motions on October 18, 2018).  By October 18, 2018, AMS filed twenty-five (25) motions for summary judgment, fifty-two (52) *Daubert* motions challenging case specific experts and seven (7) *Daubert* motions challenging experts with general opinions applicable to all of the pending cases, many of these motions are pending before this Court.  In the midst of filing dispositive motions, AMS was ordered to commence discovery on its next "wave" of cases further depleting its resources.  AMS continued to conduct discovery in other cases throughout much of 2019.

It was understood by the parties that the Court would not grant individual adjournments or request for extension of the above deadlines.  With the exception of one motion, the MDL Court did not rule on any of the pending eighty-four (84) pending motions before remanding the cases

to jurisdictions throughout the district courts.  This case was subsequently transferred to this Court

on February 6, 2020, "for the convenience of the parties and in order to promote the final resolution

of [this] case[]".  As part of the transfer, the parties were ordered to identify any motions that

remain pending and in need of ruling, including motions to exclude expert testimony and motions

for summary judgment.  At Plaintiffs' request, the parties recently submitted supplemental

*Daubert* briefing to this Court, and the Court has not yet issued rulings on those motions.  AMS

now seeks leave to file its motion for summary judgment.[1]

### III.    Question Presented

1. Should AMS be permitted to file its Motion for Summary Judgment?

       Suggested Answer: Yes

### IV.    Argument

AMS acknowledges that this request for leave to file a motion for summary judgment is

after the deadlines imposed by the MDL.  However, this Court routinely allows defendants to file

motions for summary judgment out of time in order to further the interests of "just, speedy and

inexpensive determination of actions."  *Leathers v. Leathers*, No. 08-1213, 2013 U.S. Dist. LEXIS

122090, at *4, 112 A.F.T.R.2d (RIA) 2013-5986 (D. Kan. Aug. 27, 2013); *see also, e.g.*, *St. Clair

v. City of Iola*, Case No. 92-4024-SAC, 1994 U.S. Dist. LEXIS 4625, at *5 (D. Kan. Mar. 2, 1994)

("The court, in the exercise of its discretion, finds that under the circumstances of this case it is a

benefit to both the court and the parties to permit the defendant to file a motion for summary

judgment out of time"); *Boneta v. American Medical Systems, Inc.*, No. 0:20-cv-60409-RAR (S.D.

Fla.) (Sep. 29, 2020, ECF No. 122) (finding good cause to permit filing a motion for summary

---

[1] AMS discussed dispositive motion practice with Magistrate Gale at the Final Pre Trial Conference on July 24,
2020.  Without an opportunity to brief the issue, the request was denied.  AMS noted its objection in the Pre Trial
Order that was entered by the Court.

judgment out of time because AMS "was reasonably diligent under the circumstances of the MDL," and because of the "potential to conserve the resources of the parties and the Court by allowing the Court to rule on a potentially dispositive issue, thereby obviating the need for a trial").

Indeed, courts throughout the country presiding over cases remanded from the pelvic mesh MDLs agree – even if untimely, summary judgment motions including those addressing statute of limitations grounds should be permitted because they ultimately serve to conserve judicial resources. *See, e.g.*[2], *Kelly v. Ethicon, Inc.*, No. 20-CV-2036-CJW-MAR, 2020 U.S. Dist. LEXIS 191665, at *38 (N.D. Iowa Oct. 16, 2020) ("Regardless of when, plaintiff will have to address this [statute of limitations] issue. Thus, defendants' motion does not backtrack the litigation here but, rather, fast-forwards it"); *Granillo v. Johnson & Johnson*, No. CV-19-00529-TUC-CKJ (MSA), (D. Ariz. Mar. 3, 2020, ECF No. 62) ("the Court agrees it would be prudent to address [defendant's] affirmative defense [of statute of limitations] now, before trial."); *Dates v. Ethicon, Inc.*, No. 2:20-cv-2187, ECF No. 62 (S.D. Ohio June 30, 2020) ("It is a good use of judicial resources to review whether these claims can be decided as a matter of law and avoid the burdens and expense of trial");  *Sirko v. Ethicon*, 3:20-cv-00118-SLH (W.D. Pa. Sept. 2, 2020, ECF No. 62 at 2) ("allowing Defendants to supplement their motion for summary judgment promotes judicial economy and efficiency"); *Dalberg v. Ethicon, Inc.*, No. 6:20-cv-00030 (W.D. Tex.) (Aug. 5, 2020, ECF No. 71 at 2) ("[t]he Court finds that it is a sensible use of judicial resources to review whether these claims can be decided as a matter of law to avoid the burden and expense of trial").[3]

---

[2] *See* Collective Exhibit with Orders granting leave, attached hereto as Exhibit D.

[3] Other courts have likewise allowed untimely dispositive briefing. *Cleveland Air Serv., Inc.*, 2016 WL 7634674, at *4 ("[T]he statute of limitations argument has the potential to conserve judicial resources and . . . therefore consideration of the argument is proper."); *Perez v. Superior Ct. of Guam*, Cv No 0800007 DAE, 2011 WL 13209114, at *4 (D. Guam July 19, 2011) (noting that, while the defendant's statute of limitations argument was untimely, it was not raised "at the

Allowing AMS to file its motion for summary judgment now, rather than wait for filing at the close of Plaintiffs' case, will not prejudice Plaintiffs, and rigid enforcement of deadlines set by another court would not further the interests of justice here.  AMS attempted in good faith to actively litigate hundreds of cases and file hundreds of motions within a very constricted time period.  AMS seeks leave to file this fully dispositive motion for summary judgment.  Accordingly, while AMS recognizes that Plaintiffs will be required to spend time responding to the motion, if the issue of liability as a matter of law is resolved, the Court and the parties will have saved extensive time and resources.  Additionally, as part of the MDL court's transfer order, the parties were directed to identify any individual motions in need of ruling.  While AMS did not file a motion for summary judgment in the MDL, such a motion would remain pending before this Court now if it had, further underscoring the lack of prejudice to Plaintiffs.

Moreover, now is an opportune time to weigh summary judgment arguments and dispense of the claims, as the Court will soon be moving forward with trial on this matter.[4]  And even if full dismissal is not granted, any rulings from the Court will assist the parties in submitting properly narrowed exhibit lists, *in limine* motions, verdict forms and jury instructions. For example, Plaintiffs maintain many claims that are not viable pursuant to the Kansas Products Liability Act. The MDL court transferred this matter "for the convenience of the parties and in order to promote the final resolution of [this] case[]."  Disposition at summary judgment, without the expense of

---

eleventh hour" because, as here, trial had not yet been scheduled and the argument had the potential to "save all concerned" the greater expense of a trial).

[4] Trial is currently set for May 4, 2021. However, the Court has not issued further pre-rial deadlines. Pursuant to Local Rule 6.1, responses to motions for summary judgment must be filed and served within 21 days of the opening brief. Replies must then be filed and served within 14 days of the service of the response. Accordingly, the briefing on summary judgment, if permitted, would be complete by March 2, 2021 at the latest – more than two months in advance of the current trial date. As such, allowing AMS to file its Motion for Summary Judgment would not interfere with the trial schedule in this case.

trial, achieves this goal.  Accordingly, the benefits of permitting AMS to file a motion for summary

judgment out of time outweigh any prejudice to Plaintiffs.

**V.**     <u>**Conclusion**</u>

AMS respectfully prays that this Court enter an Order granting it leave to file its Motion

for Summary Judgment, attached hereto as Exhibit A, and for such other and further relief as the

Court deems just, proper, and equitable.

Date:  January 27, 2021

<div style="margin-left: 40%;">

Respectfully submitted,

<u>*s/ Adam T. Suroff*</u>
Adam T. Suroff
KS Bar Number 19595
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112-1895
816-753-1000
Fax: 816-753-1536
asuroff@polsinelli.com

Shana E. Russo
*Pro Hac Vice*
REEDSMITH LLP
506 Carnegie Center
Princeton, MJ 08540
Telephone: (609) 987-0050
FAX: (609) 951-0824
srusso@reedsmith.com

*Attorneys for Defendant American Medical Systems, Inc.*

</div>

76323406.2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 27, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in the above-captioned case.

*s/ Adam T. Suroff*