IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLEMENTINA ROEDER and
RONALD P. ROEDER, JR.,

        Plaintiffs,

v.                                      Case No.  20-1051-JWB

AMERICAN MEDICAL SYSTEMS, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant American Medical Systems' motion for leave to file a motion for summary judgment out of time.  (Docs. 77, 83.)  Plaintiffs oppose the motion.  (Doc. 82.)  This action was transferred to this court from multi-district litigation ("MDL")) in the Southern District of West Virginia.  (Doc. 48.)  During the MDL litigation, the district court judge entered deadlines for the filing of dispositive motions and *Daubert* motions.  Those deadlines passed and Defendant did not file a dispositive motion.  After the case was transferred, a pretrial conference was held on July 24, 2020, by Magistrate Judge Gale.  During the pretrial conference, the parties discussed the dispositive motion deadline that had passed.  Magistrate Judge Gale allowed Defendant to present argument on whether it should be allowed to file a dispositive motion even though the deadline had passed. (Doc. 81 at 5.)  After hearing argument, he found that Defendant had not presented good cause for filing a motion out of time.  (*Id.* at 8-9.)

The pretrial order reflects that Defendant objects to the ruling that no dispositive motions can be filed.  (Doc. 66 at 15.)  Defendant did not appeal the ruling but now moves to file a dispositive motion out of time.  Defendant's proposed motion for summary judgment asserts that

1

Plaintiffs' claims are barred by the statute of limitations, the Kansas Product Liability Act (the "KPLA") subsumes Plaintiffs' product liability theories into one claim, the product warnings were adequate, and the design defect claim fails. (Doc. 77, Exh. 1.)

Under this court's local rules, a party may file a motion for reconsideration on a non-dispositive order within 14 days after the order was filed. D. Kan. R. 7.3. A party may also appeal a non-dispositive order to the district judge within 14 days under Fed. R. Civ. P. 72(a). Defendant did not take either action. The fact that a party did not seek timely review does not prevent the court from considering the matter as pointed out by Defendant. *See Allen v. Sybase, Inc*., 468 F.3d 642, 658 (10th Cir. 2006).

While the court is extremely hesitant to allow Defendant to file its motion for summary judgment out of time, the arguments raised in the summary judgment motion present issues that will need to be decided at some point in this litigation. If the court does not allow the motion at this time, rulings will be made during trial which may not provide the court with sufficient time to fully review all authority and argument on these issues. Allowing Defendant to file its motion out of time will provide all parties and the court with sufficient time to address the issues. It may also result in narrowing the issues and arguments at trial.

Defendant's motion for leave to file a motion for summary judgment out of time (Doc. 77) is GRANTED.


IT IS SO ORDERED. Dated this 19th day of February 2021.

                                                          ____s/ John W. Broomes_____
                                                          JOHN W. BROOMES
                                                          UNITED STATES DISTRICT JUDGE